```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

| | |
|---|---|
| **RONALD L. JONES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV1036(SNL) |
| | ) |
| **EFTHIM REALTY CO.,** | ) |
| | ) |
| Defendant. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ronald Jones for leave to commence this action without payment of the required filing fee [Doc. #1]. <u>See</u> 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the applications, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages against Efthim Realty Co. (Efthim Realty) for renting him an apartment that he claims is "uninhabitable" due to a cockroach infestation, poor sewer drainage, and deteriorating doors and windows.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This Court has subject matter jurisdiction over this case, if at all, only pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Subject matter jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship between

plaintiff and each defendant. From the complaint and the attached exhibits, however, plaintiff and the defendant appear to be citizens of the State of Missouri. Therefore, plaintiff's complaint should be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Docs. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 12th day of October, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**